Thank you, Your Honor, and may it please the Court, Dan Geyser for Appellant Neverland Partida. According to the government, whenever it has a restitution award, it can jump in front of all other creditors, ignore the priority scheme set out in the Bankruptcy Code, and collect in violation of the fundamental procedural protections of the automatic stay, which exists to protect both creditors and debtors. The government's view would render Chapter 13 absolutely unworkable for any debtor facing a restitution award. We submit there is nothing in the Mandatory Victims Restitution Act or the Code itself that authorizes the government's actions, and quite the contrary, under a proper construction of the Code and the Mandatory Victims Restitution Act easily coexist, which is a standard that courts apply when they're dealing with two independent federal enactments. It takes a very high threshold to cross to find that one precludes the other because it disrupts a careful balance that Congress tried to struck in dealing with competing interests. Counsel, what do you do with the preparatory language to the MVRA that says, notwithstanding being in the federal law? Well, I think we do two things with it, Your Honor. First, there's a sentence that precedes that preparatory language. It's the first sentence of the MVRA. It's actually about 3613A, which says the government can enforce any judgment in accordance with the practices and procedures of federal law. The practices and procedures for enforcing judgments include the automatic stay. So I don't think notwithstanding any other law means precluding the very practices and procedures that Congress just reaffirmed in the very preceding sentence. I think what they did mean by it, and this is to answer your question directly, it was notwithstanding any other federal law that would limit access to certain pools of property. I was reading a line once, and I think that's all. With respect, no, Your Honor. And I think if you look at all of the exceptions in the statute, this is notwithstanding any other federal law. And then it says precluding section 207 of the Social Security Act. So this is a provision of federal law that limits access for recruiters to certain pools of money. It says a judgment may be enforced against all property or rights to property. So are you familiar with the Sixth Circuit decision in Ray Robinson's case? We're very familiar with it, Your Honor. And the Sixth Circuit seems to interpret the notwithstanding language as indicating that it supersedes any conflicting laws. So why shouldn't we find that persuasive reasoning? Your Honor, I think the reasoning itself is not persuasive on its face, and I think there are a few reasons for that. The first is the Robinson decision did not grapple with the first sentence of 3638 at all. It doesn't say why the automatic state is in a practice or procedure that has to be followed in enforcing a judgment under federal law. Let me turn your argument on your head now and see if you can prove it. I hope not, but sure. Well, if we look at it in a little different way, we have an individual who has been convicted of a criminal offense. A court was given all due process and has been sentenced and had a judgment of restitution imposed. A judgment of restitution is intended to compensate victims. Why should a convicted defendant who has this judgment against him and has caused injury to individuals, why should that person be able to declare bankruptcy and get a stay of intent versus obligations to the victim? Why would Congress intend that? I think that we know Congress is intent because there's very delicate problems in the MVRA itself, and if I can explain what I mean by that. The first is you say that the restitution obligation is non-dischargeable. So declaring bankruptcy doesn't mean this debt won't be fully repaid. And, in fact, it means, unlike other creditors who get a discharge, that this debt won't be discharged. If you also look at subsection C of the Mandatory Victim Restitution Act, it says that this restitution obligation is treated like a tax lien. Now, a tax lien doesn't receive the highest priority under the code. There are other concerns for innocent creditors. So Congress lifted this, and they said, If we have situations where the government can sneak in and collect any priority of a restitution award, it will deplete the answers for all of their creditors. We know that's not what they wanted because it would have elevated this restitution award to a higher priority in the code scheme. They didn't do that. So if the government did what it tried here, there's nothing that prevents it from taking away money that would be paid to overdue child support. Things work very innocent creditors who have a highest priority interest, and we know that from the actual scheme set out in the code. So the question is, can you reconcile the language of 3613A with the language of 362 in the code? Congress could have made a further decision that it wanted to make the subject of a stay, but that doesn't mean that it did, or that that makes any particular sense. Well, I think it makes an awful lot of sense. It's not indischargeable. Your argument is you nevertheless get, by filing a bankruptcy inevitable clause, get this delay. You get a sort of pause to respect the interest of the other creditors. Congress didn't want to prejudice innocent creditors. The state is just for the better. The state's also for other creditors. This is a well-settled bankruptcy law. So if the 2013 can't function in any sensible manner, if you don't know how much resources are available to pay off for the creditors, and if the government can come in whenever it wants, they don't have to honor the automatic stay, they can take money irrespective of the practices and procedures of federal law, which include the automatic stay, it's fundamental foundational procedural protection of the code, then what will end up happening is that you can't have function in Chapter 13 plan, because no one will know how much money is available to pay off for their creditors who have a higher priority interest. And there's no indication at all that Congress intended to remove Chapter 13 from the realm of debtors who happen to face a restitution order. In fact, we know there's contrary indication directly in 3613E, because it contemplates there will be bankruptcy situations, and the debt will be non-dischargeable. That's the balance that Congress struck. And respectfully, the court has to try to keep these laws in tandem unless they're truly irreconcilable. And we submit the very best reading of the second sentence, is that it's notwithstanding another federal law that restricts access to all property, because there's lots of federal laws that do restrict access to some property, inclusively exceptions listed in this section. Each of this court's cases, like Novak, dealing with language in this section, deal with substantive restrictions that would protect pools of assets from creditors. And so unlike every other creditor, if you're the government, you're holding a restitution order, you can access entire pockets of money that no one else can reach. That's what Congress is doing here. I think it would be highly unusual for Congress to say that you have to honor the practices and procedures of federal law in the very next sentence, if notwithstanding those very practices and procedures that we just told you to comply with. So that's our reading of the Mandatory Victims Restitution Act. I think the 362B question was addressed very quickly, so some time for rebuttal. I think it's more straightforward in our favor. I think the plain language of the code, which is construed to avoid exceptions, the automatic stay, supports our position. I think the Supreme Court's decision in Davenport addressed exactly the issue presented here and resolved it exactly the way we suggested it should be resolved. I don't think it's dicta, but if it is, it's at least considered dicta, which typically binds this court. What is the continuation? What does that provision mean, then? The continuation is that sometimes a criminal prosecution will start before a bankruptcy petition is filed, and it's not completed yet. So it doesn't mean you have to halt the criminal trial extremely. Paying out a court lawyer, et cetera. What it means is that if you're prosecuting a criminal before they declare bankruptcy, the criminal can't stop the trial, avoid judgment by a jury, avoid sentencing by declaring bankruptcy. Stop the trial, but you can't stop the collection. Except for a very brief period of time, to avoid precious links, I think take my word for it. Congress understood exactly what I'm saying in 362K, where under blue 1 and 18, they say you can't continue or commence a proceeding. As A1 and then A2, they say you can't enforce a judgment. The interstitials are two different things. Under the government's reading, they would conflate those two things into one, which we submitted would have made more sense. Yes. Thank you very much. Thank you. In this court and counsel, I am Roger Lentheis, United States Attorney representing the United States. And counsel has obviously conceded all of the six points on which the province in court decided the very question that is before you today, and instead is arguing that something in sentence 1 of 3613A somehow presents an argument that wasn't made there. They asked for an interpretation of that first sentence, and it just simply won't bear, and it isn't consistent with its structure and purpose and text. Congress knew that there would be occasional conflicts between the interests of a felon's victims and those of her creditors, her ordinary creditors, and it chose when those conflicts happened in favor of the victims, and for a very good reason, because victims become victims involuntarily, whereas in the main, it's where most hard creditors become creditors voluntarily and they accept the risk of nonpayment as part of the basis of their pardon. If the United States, acting on behalf of victims and enforcing restitution, were required to wait until a bankruptcy proceeding were over, it isn't just a temporary setback. The assets are being carved up and distributed out in that bankruptcy, and that is what impedes the collection of restitution, and it's our view that the words come withstanding any other federal statute instance to make it clear that anything in any other federal statute that impedes the collection of restitution must stand aside, and the alibetics today obviously is impeding the collection of restitution. The first sentence of 3213A, as we've told you, the history behind it, and is the reason it was put in there, is that before the MVRA, the United States didn't have access to a federal statutory procedure for the enforcement of judgments, and so you had to rely on using state court procedures, civil judgment procedures, and there was a patchwork quilt of state court procedures, different in every state, and no uniformity. This provision allowed the United States the option to choose between either federal law, as found in the Federal Elections Procedure Act, or state civil enforcement procedures. And the way it was drafted tells you this. I'm going to quote from it, and it says, the United States may, and notice the word may, not must or shall, but may enforce a judgment if closely defined in accordance with the practices and procedures for the enforcement of a civil judgment under federal law or state law. So it gave the United States the option of choosing which enforcement procedure they wanted, federal law or state law, said nothing about the bankruptcy code in that first sentence, and said nothing about what happens if a federal judgment-enforced law conflicts with any other federal law. That is the function of Section 2, Sentence 2, which says notwithstanding any other federal law, and any means all. It means procedural, substantive, however you want to characterize them. So in our view, Congress used the clearest language that you could use to say that everything that impedes collection of a judgment of our institution must stand aside. Now, the other argument that's being made here is that Congress made this equivalent to a tax lien in sub-paragraph C of 3613. You should also notice that 3613d talks about what happens once the United States records that lien, that judgment lien. And once it records the judgment lien, it then has the status of a judgment creditor who has priority over everyone except those who have prior recorded judgments. So that is the one area where the statute does not give the United States total and complete priority over everyone else. Whenever there is a prior recorded secured interest, it will take priority over a federal restitution judgment, but that is the only time that Congress specifically announced in its statute that it should step aside. If I understand this correctly, we have two other circuit decisions on this point, and one of them applies the MVRA, as you have argued, and another takes the exception to the automatic stay. Right. Applying to the commencement or continuation of the proceeding. Is the government, if we had to choose one, does the government have a preference as to which circuit got that better argument? Well, obviously we think the MVRA is the proper analysis. It is a clearer, direct statute enacted for the specific purpose of putting restitution ahead of all other interests. We have argued in the alternative that 362b-1 also applies. And the reason for that is, as you will see in the Klaus Wadow case from the Second Circuit, it states very clearly that any effort to enforce a judgment after it's entered is a continuation of that judgment. It has to be. The statute doesn't require 362b-1 when it says the commencement or continuation of a criminal proceeding. It doesn't mean that there has to be a continuous criminal proceeding going on forever for that to be a continuation. The criminal proceeding can reach a judgment, and then there can be a hiatus, and then there can be an effort to enforce that judgment. And that effort to enforce the judgment, in our view, is a continuation of that judgment. Do you know whether both of the arguments were presented to other circuits in those cases? I believe that six circuits, if you said that it was unnecessary to reach 362b-1, is not mistaken. But obviously that would be our position that that is not necessary to reach anymore. So if there is nothing further, I have nothing else. Thank you. Thank you, Your Honors. I'm Abel from, I think, Ennis State, Robinson. It actually rejected the government's 362b argument. So it relied on the FBI after rejecting the exemption to the automatic stay. For subsection D, I think my friend misreads that section. It lets the government get a security interest. A security interest is very different than the priority scheme under the Code. It means that they have interest in specific property rights of the debtor. It doesn't mean they can sit in front of people who are owed overdue child support. I think that that reading, though, would, in fact, prejudice the interest of those who are owed child support, because the entire agency can be depleted before they're paid. My friend suggests that the government, that Congress actually wanted to put crime victims up first in front of all those other interests. And they wanted to do that, and they did it in a very strange way, by specifically designating the government as an unsecured general non-priority creditor who could potentially get a security interest. If I could just suggest one more point, it's that I think their reading has the two sentences on 316, 3613a, in order for themselves. And it surely can't be true that the government can kick down the debtor's door and take money under their sofa, because that's the most expedient way to collect restitution. They have to follow the practices and procedures of federal law. The Audit Codex A is undeniably and expediently a practice and procedure of federal law. So we don't see how you can set it aside and enforce the judgments. Thank you, counsel. Thank you very much. Thank you both, counsel, for your arguments. In this case, Casey's argument is submitted for decision, or the next case we'll count it for argument is Rahman v. Miles.
judges: Schroeder, Rawlinson, Stafford